UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>for the Use and Benefit of<br>C.J. COAKLEY COMPANY, INC.<br>7732 Lee Highway<br>Falls Church, Virginia 22042<br><br>Plaintiff,<br><br>v.<br><br>LIBERTY MUTUAL<br>INSURANCE COMPANY<br>175 Berkeley Street<br>Boston, Massachusetts 02117<br><br>Serve: C T Corporation System<br>      1015 15th Street, N.W., Suite 1000<br>      Washington, D.C. 20005<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

COMES NOW the Plaintiff, United States of America, for the Use and Benefit of C.J. Coakley Company, Inc. ("C.J. Coakley"), and for its Complaint against the Defendant Liberty Mutual Insurance Company ("Liberty Mutual"), C.J. Coakley alleges as follows:

**PARTIES AND JURISDICTION**

1.    C.J. Coakley is a Virginia corporation with its principal place of business located in Falls Church, Virginia.

2.    Upon information and belief, Liberty Mutual is a Massachusetts corporation with its principal place of business located in Boston, Massachusetts.

3.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 because of the diversity of citizenship of the parties hereto and because the

amount in controversy exceeds $75,000.00. This Court also has jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff asserts causes of action arising under the laws of the United States, as codified at 40 U.S.C. §§ 3131-3134. This Court further has jurisdiction pursuant to 28 U.S.C. § 1367. This is an action brought principally for recovery of funds C.J. Coakley expended for labor and materials it provided on the project at issue, and for which C.J. Coakley has not been paid. The other claims asserted by C.J. Coakley are so related to the claims that form part of the Court's original jurisdiction so as to form party of the same case or controversy under Article III of the United States Constitution.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 and 40 U.S.C. § 3133. The construction of the project at issue and a substantial part of the events and/or omissions giving rise to the claims asserted herein occurred in the District of Columbia.

## FACTS

5.      Upon information and belief, on or about October 23, 2003, Sigal Construction Corporation ("Sigal") was awarded a contract by the General Services Administration, NCR ("GSA" or "Owner") for improvements and modernization of the U.S. Department of State Harry S. Truman Building (the "Prime Contract"), known as the Old State Build-out, located in Washington, D.C. (the "Project").

6.      Subsequent to the execution of the aforementioned contract, Sigal, as principal, and Liberty Mutual, as surety, executed Payment Bond No. 17010125 on or about October 28, 2003 (the "Payment Bond") for the prompt payment of all persons supplying labor or material used on the Project in the prosecution of work under the Prime Contract. A copy of the Payment Bond is attached hereto and incorporated by reference as Exhibit A.

2

7.    On or about October 23, 2003, Sigal, the general contractor on the Project, entered into a written subcontract with C.J. Coakley for the performance of certain drywall and other work on the Project (the "Subcontract").

8.    The Prime Contract delineated the scope of work to be performed by Sigal, including the scope of work pertaining to the drywall and other work which was subcontracted to C.J. Coakley.

9.    C. J. Coakley provided labor and materials for the Project and properly performed its work under the Subcontract, as well as additional work that Sigal directed it to perform, and prosecuted the same to completion with due diligence.

10.    C.J. Coakley is entitled to be paid for the valuable services, materials, assistance, and advice it performed on the Project at the request and direction of Sigal.

11.    Exclusive of interest and costs, C.J. Coakley is owed not less than $333,018.00 which is the reasonable value of the labor and materials that it provided for the Project and at the request and direction of Sigal.

12.    C.J. Coakley has made timely and repeated demand for payment.

13.    Despite C.J. Coakley's demands for payment, however, C.J. Coakley has not been paid the full amount due to it for the value of its work pursuant to the Subcontract and at the request and direction of Sigal.

14.    C.J. Coakley has not been paid the full amount it is owed pursuant to the Subcontract for more than 90 days after the day on which it last performed labor or furnished or supplied materials to the Project under the Subcontract and at the request and direction of Sigal.

15.    C.J. Coakley has timely and properly notified all relevant parties of its claim for payment for its work pursuant to the Subcontract and at the request and direction of Sigal.

3

16.     Sigal's and Liberty Mutual's failure to pay C.J. Coakley in full for the work performed by C.J. Coakley under the Subcontract and at the request and direction of Sigal is without justification.

17.     This action is timely commenced as it is brought within one (1) year of the date on which C.J. Coakley last performed and provided materials on the Project.

18.     C.J. Coakley has complied with all conditions precedent, if any, in the Subcontract and the Payment Bond for bringing this action.  Alternatively, such conditions, if any, have been waived by Sigal and Liberty Mutual or are contrary to law or otherwise inapplicable.

## COUNT I
### (Breach of the Payment Bond)

19.     C.J. Coakley hereby incorporates Paragraphs 1 through 18 as if fully set forth herein.

20.     The Payment Bond is a valid and enforceable contract.

21.     C.J. Coakley has not been paid in full for the work it performed for the Project and at the request and direction of Sigal.

22.     C.J. Coakley is a proper claimant under the Payment Bond and is entitled to payment under the terms of the Payment Bond.

23.     Pursuant to the Payment Bond, Liberty Mutual, as Surety, is liable to pay C.J. Coakley, exclusive of interest and costs, at least $333,018.00 for the labor and materials that C.J. Coakley provided for the Project at the request and direction of Sigal.

24.     Despite notice and repeated demand for payment of the amount owed of not less than $333,018.00, Sigal and Liberty Mutual have failed and refused to pay C.J. Coakley which is a material and unexcused breach of the Payment Bond

4

25.    As a direct and proximate result of Liberty Mutual's breach of the terms of the Payment Bond, C.J. Coakley has incurred damages in an amount not less than $333,018.00, plus interest, costs and attorney's fees.

WHEREFORE, C.J. Coakley demands that judgment be entered in its favor and against Liberty Mutual for damages in an amount not less than $333,018.00, the exact amount to be proven at trial, plus the costs, including attorney's fees, incurred in bringing this suit, interest, and for such other and further relief as this Court deems appropriate.

## COUNT II
### (Miller Act Claim)

26.    C.J. Coakley hereby incorporates Paragraphs 1 through 25 as if fully set forth herein.

27.    C.J. Coakley has made a claim to Liberty Mutual under the Payment Bond for the sums C.J. Coakley is due pursuant to the work it performed on the Project.

28.    The failure of Liberty Mutual to pay C.J. Coakley's claim under the Payment Bond constitutes a violation of the Miller Act, 40 U.S.C. §§ 3131-3134.

29.    As a direct and proximate result of Liberty Mutual's breach of the Miller Act, C.J. Coakley has incurred damages in an amount not less than $333,018.00, plus interest, costs and attorney's fees.

WHEREFORE, C.J. Coakley demands that judgment be entered in its favor against Sigal and Liberty Mutual, in an amount not less than $333,018.00, the exact amount to be proven at trial, plus the costs, including attorney's fees, incurred in bringing this suit, interest, and for such other and further relief as this Court deems appropriate.

## JURY TRIAL DEMAND

A trial by jury is demanded.

Dated:  November 13, 2006

Respectfully submitted,

United States of America, for the Use and Benefit
of C.J. Coakley Company, Inc.

By Counsel,

Kristen A. Bennett (DC Bar # 451556)
Robert D. Windus (DC Bar #436660)
MOORE & LEE, LLP
1750 Tysons Boulevard, Suite 1450
McLean, Virginia  22102-4225
(703) 506-2050  Telephone
(703) 506-2051  Facsimile
E-mail: K.Bennett@mooreandlee.com

A

| PAYMENT BOND (See instructions on reverse) | DATE BOND EXECUTED (Must be same or later than date of contract) October 28, 2003 | OMB No.: 9000-0045 |
|---|---|---|

Public reporting burden for this collection of information is estimated to average .25 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the FAR Secretariat (MVR), Federal Acquisition Policy Division, GSA, Washington, D.C. 20405

Bond No: 17010125

**PRINCIPAL** (Legal name and business address)

SIGAL Construction Corporation
3299 K Street N.W.
Suite 100
Washington, DC 20007

**TYPE OF ORGANIZATION** ("X" one)

[ ] INDIVIDUAL  [ ] PARTNERSHIP

[ ] JOINT VENTURE  [X] CORPORATION

**STATE OF INCORPORATION**

Maryland

**SURETY(IES)** (Name(s) and business address(es))

Liberty Mutual Insurance Company
175 Berkeley Street
Boston, MA 02117

**PENAL SUM OF BOND**

| MILLION(S) | THOUSAND(S) | HUNDRED(S) | CENTS |
|---|---|---|---|
| 38 | 692 | 598 | 25 |

| CONTRACT DATE | CONTRACT NO. |
|---|---|
| 10/23/2003 | GS-11P03MKC0047 |

**OBLIGATION:**

We, the Principal and Surety(ies), are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. However, where the Sureties are corporations acting as co-sureties, we, the Sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us. For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety. If no limit of liability is indicated, the limit of liability is the full amount of the penal sum.

**CONDITIONS:**

The above obligation is void if the Principal promptly makes payment to all persons having a direct relationship with the Principal or a subcontractor of the Principal for furnishing labor, material or both in the prosecution of the work provided for in the contract identified above, and any authorized modifications of the contract that subsequently are made. Notice of those modifications to the Surety(ies) are waived.

**WITNESS:**

The Principal and Surety(ies) executed this payment bond and affixed their seals on the above date.

| SIGAL Construction Corporation | | PRINCIPAL | | |
|---|---|---|---|---|
| SIGNATURE(S) | 1. (Seal) | 2. (Seal) | 3. (Seal) | Corporate Seal |
| NAME(S) & TITLE(S) (Typed) | 1. Richard S. Goldberg Senior Vice President & Chief Financial Officer | 2. | 3. | |

| | | INDIVIDUAL SURETY(IES) | | |
|---|---|---|---|---|
| SIGNATURE(S) | 1. (Seal) | 2. (Seal) | | |
| NAME(S) (Typed) | 1. | 2. | | |

| | | CORPORATE SURETY(IES) | | |
|---|---|---|---|---|
| SURETY A | NAME & ADDRESS | Liberty Mutual Insurance Company 175 Berkeley Street, Boston, MA 02117 | STATE OF INC. Massachusetts | LIABILITY LIMIT |
| | SIGNATURE(S) | 1. | 2. | Corporate Seal |
| | NAME(S) & TITLE(S) (Typed) | 1. Angela J. Lawrence Attorney-in-Fact | 2. | |

AUTHORIZED FOR LOCAL REPRODUCTION
Previous edition unusable

STANDARD FORM 25-A (REV. 10-98)
Prescribed by GSA - FAR (48 CFR) 53.228(c)

**CIVIL COVER SHEET**

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| United States of America, for the Use and Benefit of C.J. Coakley Company, Inc. | Liberty Mutual Insurance Company |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____ (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____ 88888 (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
|---|---|

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Kristen A. Bennett<br>Robert D. Windus<br>Moore & Lee, LLP<br>1750 Tysons Boulevard, Suite 1450<br>McLean, Virginia 22102 | Unknown |

## II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
● 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

**○ A. Antitrust**

☐ 410 Antitrust

**○ B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**○ C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

---

**○ E. General Civil (Other)**          OR          **○ F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ **K. Labor/ERISA (non-employment)** | ○ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☒ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
⦿ 1 Original Proceeding ○ 2 Removed from State Court ○ 3 Remanded from Appellate Court ○ 4 Reinstated or Reopened ○ 5 Transferred from another district (specify) ○ 6 Multi district Litigation ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
40 U.S.C. 3133. Plaintiff is suing Defendant under the Miller Act for breach of a payment bond that was required for a public construction project.

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 333,018.00   Check YES only if demanded in complaint   JURY DEMAND: YES ☒ NO ☐

**VIII. RELATED CASE(S) IF ANY**  (See instruction) YES ☐ NO ☒ If yes, please complete related case form.

DATE November 13, 2006   SIGNATURE OF ATTORNEY OF RECORD _[signature]_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.